Cheshire
No. 80-467
No. 81-365

TOWN OF HINSDALE

v.

CEDRIC H. EMERSON & a.

CEDRIC H. EMERSON & a.

v.

TOWN OF HINSDALE

November 5, 1982

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Arthur G. Greene* and *Wayne C. Beyer* on the brief, and *Mr. Greene* orally), for the Town of Hinsdale.

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene (*George R. Hanna* on the brief and orally), for Cedric and Shirley Emerson.

PER CURIAM. These consolidated appeals arise out of an action brought by the Town of Hinsdale on a developer's $25,000 performance bond posted by Cedric and Shirley Emerson. The issues before us are: (1) whether the trial judge erred in granting the town's motion for summary judgment (RSA 491:8-a (Supp. 1981)) when he found that there was no genuine issue of material fact concerning the Emersons' liability for noncompliance with the Hinsdale Planning Board's conditions for subdivision approval; and (2) whether a denial of a waiver of a planning board's subdivision requirements is subject to review pursuant to RSA 36:34 (Supp. 1981). We find no error on the first issue and remand for action on the second issue that is consistent with this opinion.

The bond posted by the Emersons provides that if the road within their subdivision was not completed in accordance with the planning board's subdivision requirements, a penalty would be assessed. Central to the Emersons' argument is the fact that the board's subdivision regulations, which control their development, provide:

> "[I]f the subdivider or his agent can clearly demonstrate that, because of peculiar conditions pertaining to his land, the [literal] enforcement of one or more of the regulations is impracticable or will exact undue hardship, the Planning Board may permit such modifications as may be reasonable and not contrary to the welfare and safety of the community . . . ."

TOWN OF HINSDALE PLANNING BOARD SUBDIVISION REGULATIONS, § IX. The record indicates that, by letter dated June 14, 1979, the Emersons requested such a waiver from the board. The specific requirements from which the Emersons requested relief were: (1) the requirement that the paved portion of street be twenty four feet wide; (2) the requirement as to the construction of culverts or "swales" for drainage; and (3) the requirement that the present "headers" be of fieldstone. Instead of considering the waiver, the town commenced suit in superior court by filing a motion for summary judgment on September 19, 1980, to collect on the performance bond for the very conditions for which the Emersons were seeking a waiver.

The Superior Court (*Pappagianis*, J.) correctly found no issue of material fact as to the Emersons' liability for noncompliance with all of the town's conditions for subdivision approval. Although he found the Emersons liable under the bond's terms, he did not grant the motion for summary judgment in its entirety. He reserved the issue of damages and remanded the case to the planning board for a hearing on the Emersons' request for a waiver of those conditions which they had not satisfied.

The Emersons appealed to this court the issue of their liability for noncompliance. While the Emersons' appeal was pending before this court, the planning board in January 1981 considered the waiver request, pursuant to the superior court's order, and refused to exempt the Emersons from any of the conditions for subdivision approval. The Emersons, pursuant to RSA 36:34 (Supp. 1981), then petitioned for superior court review of the denial of the requested waiver. The town moved to dismiss the petition, arguing that the board's January 1981 decision was not subject to judicial review under RSA 36:34 (Supp. 1981), and that such review would be an attempt to circumvent the superior court's prior decision because the liability finding was *res judicata* on the waiver issue. The superior court granted the town's motion to dismiss the Emersons' petition and stated that their challenge to the board's denial of waiver should be consolidated with the appeal on the liability issue already pending before this court.

█ RSA 36:34 (Supp. 1981) provides that "[a]ny persons aggrieved by *any decision* of the planning board concerning a . . . subdivision . . . may present to superior court a petition . . . specifying the grounds upon which the same is claimed to be illegal or unreasonable." (Emphasis added.) The January 1981 decision of

the planning board denying the Emersons a waiver, in whole or in part, is a decision of the planning board concerning a subdivision permit which is claimed to be unreasonable. Therefore, we find that the superior court may consider the Emersons' petition for review of the planning board's denial of waiver pursuant to the criteria set forth in RSA 36:34 (Supp. 1981).

█ The town's *res judicata* argument is inapplicable because the superior court, in ordering the planning board to consider the Emersons' waiver request, had not ruled on the merits of the waiver issue. Damages under the bond are properly reserved pending the resolution of the waiver issue.

*Remanded.*